Rel: September 26, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

―――――――――――――――――

## CR-2025-0196

―――――――――――――――――

## Alton LeVon Surles

### v.

## State of Alabama

## Appeal from Lee Circuit Court
### (CC-21-209.70)

WINDOM, Presiding Judge.

Alton LeVon Surles appeals the order of the Lee Circuit Court revoking his probation.

The record indicates that in August 2021 Surles was convicted in the Lee Circuit Court of first-degree promoting prison contraband, see §

13A-10-36, Ala. Code 1975. The circuit court sentenced Surles to 15 years in prison; that sentence was split, and Surles was ordered to serve 6 months in prison followed by 3 years of probation. Surles began serving the probationary term of this sentence in October 2024 when he was released from prison and placed on parole for a 2018 conviction. Surles also began concurrently serving a probationary term for a conviction in the Montgomery Circuit Court. Surles was placed under the supervision of the Montgomery Day Reporting Center ("the MDRC") of the Alabama Board of Pardons and Paroles ("the Board").

On December 3, 2024, Officer Kodi Johnson, Surles's probation officer at the MDRC, filed a delinquency report alleging that Surles had violated the terms and conditions of his probation by failing to report to his probation officer as directed, by failing to adhere to his electronic monitoring conditions and curfew hours, and by changing residences without permission. Based on Surles's alleged violations, Off. Johnson recommended the revocation of Surles's probation.

Because of the alleged violations, Surles faced parole-revocation proceedings before the Board and probation-revocation proceedings before the Montgomery Circuit Court and the Lee Circuit Court. In the

parole-revocation proceedings, the Board found Surles to be in violation of his parole and sanctioned him with a 45-day "dunk." (R. 28.) In the probation-revocation proceedings in the Montgomery Circuit Court, the circuit court found that Surles had violated his probation and, because Surles had received a 45-day sanction from the Board, sanctioned Surles with "time served." (R. 30.)

On February 12, 2025, the Lee Circuit Court conducted a probation-revocation hearing at which Surles was represented by counsel. Off. Johnson testified that Surles had contacted him on October 25, 2024, informing him that he could not report because he had sustained a foot injury. Surles contacted Off. Johnson again on October 31, 2024, claiming that he could not report because he was at the hospital seeking treatment for his foot injury. Off. Johnson excused Surles from reporting and ordered Surles to report on November 4 and to bring with him documentation for his alleged hospital stay. When Surles did not report on the specified date, probation officers tracked Surles's electronic-monitoring device to a hotel where Surles was residing. Through that device, the officers were able to send multiple alerts to Surles. Surles responded to the alerts, telling Off. Johnson that he had overslept. Off.

3

Johnson ordered Surles to report immediately; Surles did not do so. The next day, Off. Johnson sent multiple alerts to Surles's electronic-monitoring device along with a text message informing Surles that if he did not report, Surles would receive a two-day sanction. Surles acknowledged Off. Johnson's text, responding "okay." (R. 12.) Nonetheless, Surles still did not report. Off. Johnson further testified that Surles repeatedly violated curfew during this time by moving outside of his permitted "exclusion zones." (R. 16-17.) Surles's electronic-monitoring device also showed that he appeared to be living at an address not authorized for Surles.

At the conclusion of the presentation of the evidence at the hearing, Surles moved to dismiss the matter on the ground that he had already been punished by the Board and by the Montgomery Circuit Court for the same conduct. After hearing from the parties, the Lee Circuit Court denied Surles's motion to dismiss. The circuit court found that Surles had violated the terms of his probation, as alleged, and then turned its attention to the appropriate sanction. The State requested full revocation of Surles's probation while Surles argued that the violations were technical in nature and were "not worthy of a full revocation." (R.

4

40.) Surles added that lesser sanctions had been imposed by the Board and the Montgomery Circuit Court. The circuit court asked Off. Johnson if the violations required full revocation, and the officer responded that under the MDRC "matrix" the violations did warrant revocation. (R. 41-42.) Surles responded that he had been given no notice of anything other than technical violations. (R. 42, C. 41-42.) The circuit court revoked Surles's probation and ordered Surles to serve the balance of his 15-year sentence in the custody of the Alabama Department of Corrections.

Surles's sole contention on appeal is that the circuit court erred when it fully revoked his probation on technical violations instead of imposing a 45-day "dunk" sanction pursuant to § 15-22-54(e)(1), Ala. Code 1975.

Section 15-22-54(e)(1) provides, in pertinent part:

"(e) After conducting a violation hearing and finding sufficient evidence to support a probation violation, the court may take any of the following actions:

"(1)a. If the underlying offense was a violent offense as defined in Section 12-25-32 [, Ala. Code 1975,] and a Class A felony, a sex offense pursuant to Section 15-20A-5, or aggravated theft by deception pursuant to Section 13A-8-2.1, [Ala. Code 1975,] the court shall revoke probation and require the probationer to serve the balance of the term for which he or she was originally sentenced,

5

or any portion thereof, in a state prison facility, calculated from the date of his or her rearrest as a delinquent probationer.

"b. If the probation violation was for being arrested or convicted of a new offense, absconding, or failing to successfully complete a court supervised, evidence-based treatment program, as defined in Section 12-25-32, a court ordered faith-based program, or any other court ordered rehabilitative program, the court may revoke probation and require the probationer to serve the balance of the term for which he or she was originally sentenced, or any portion thereof, in a state prison facility, calculated from the date of his or her rearrest as a delinquent probationer.

"c. For all other probationers, the court may impose a period of confinement of no more than 45 consecutive days to be served in a residential transaction center established pursuant to Section 15-22-30.1[, Ala. Code 1975,] or a consenting county jail designated for this purpose as provided in Section 14-1-23[, Ala. Code 1975]. ..."

(Emphasis added.)

In this case, Surles was found to have violated his probation by failing to report as directed, by failing to adhere to electronic-monitoring conditions and curfew hours, and by changing residences without permission. In other words, Surles was not found to have committed a new offense, to have absconded, or to have failed to successfully complete a court-ordered rehabilitative program. See § 15-22-54(e)(1)b.

6

Additionally, Surles's underlying offense from the Lee Circuit Court -- first-degree promoting prison contraband -- was not a Class A felony, a sex offense, or an aggravated theft. See § 15-22-54(e)(1)a. Therefore, pursuant to § 15-22-54(e)(1)c., the circuit court could not impose a period of confinement greater than 45 days. See Hooks v. State, 304 So. 3d 236 (Ala. Crim. App. 2020); Harper v. State, 302 So. 2d 306 (Ala. Crim. App. 2020); Lara v. State, 298 So. 3d 526 (Ala. Crim. App. 2020); Jacobs v. State, 294 So. 3d 820 (Ala. Crim. App. 2019); and Ex parte Wayne, 292 So. 3d 1036, 1039 (Ala. 2019) (all holding that a circuit court had erred in fully revoking probation on technical violations alone).[1]

The Lee Circuit Court found that Surles had committed only technical violations of his probation. Therefore, the circuit court's full revocation of Surles's probation and imposition of the remainder of Surles's sentence violated § 15-22-54(e)(1). Accordingly, the circuit court's order revoking Surles's probation and imposing the balance of Surles's 15-year sentence is reversed, and the case is remanded for further proceedings consistent with this opinion.

---

[1]These cases addressed a prior version of § 15-22-54, Ala. Code 1975. Although changes to the statute were made by subsequent amendments, the changes do not affect the analysis in this case.

REVERSED AND REMANDED.

Kellum, Cole, Minor, and Anderson, JJ., concur.